UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HENRYK SZABELSKI individually and on behalf
of all other persons similarly situated,

                    Plaintiff,

   - against -

AM&G WATERPROOFING, LLC, WILLIAM
RIVERA, MIKE RIVERA and JOHN DOES 1-10,

                    Defendants.
-----------------------------------------------------------------X

Case No.:

**COMPLAINT**

COLLECTIVE ACTION

JURY TRIAL DEMANDED

      Plaintiff, HENRYK SZABELSKI ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Marzec Law Firm P.C., as and for his complaint against the Defendants, AM&G WATERPROOFING, LLC ("Corporate Defendant"), WILLIAM RIVERA and MIKE RIVERA ("Individual Defendants) (collectively "Defendants"), alleges as follows:

### NATURE OF THE ACTION

    1.    Plaintiff on behalf of himself and on behalf of all others similarly situated brings this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29 C.F.R. § 552 *et seq.* ("FLSA"), New York Labor Law Articles 6 and 19 and various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 137-144 ("NYLL"), the New York State Department of Labor Prevailing Wage Schedule and the New York State common law.

    2.    Moreover, Defendants intentionally underpaid their employees, including Plaintiff and all others similarly situated, by not paying prevailing wages on certain state and federal project worksites and misclassified their employees as part of a scheme to obtain fraudulent payments from the United States (hereinafter "the Government") which is a violation of the False Claims

Act ("FCA") and any amendments thereto, including the Fraud Enforcement Recovery Act of 2009 ("FERA"), amended and recodified as 31 U.S.C. 3729 et seq. Violations of the FCA also subject Defendants to civil penalties on a per-violation basis plus three times actual damages pursuant to 31 U.S.C. § 3729(a)(1), as well as authorizes Plaintiff and all others similarly situated to recover attorneys' fees and costs pursuant to 31 U.S.C. §§ 3730(d)(1)–(2).

3.      Thus, this action seeks compensatory damages, actual damages, statutory damages and attorneys' fees and costs arising out of violations of the FCA, FERA, NYLL and the common law, including breach of contract, quantum meruit and unjust enrichment, by certain or all Defendants and seeks a declaratory judgment as a definite and concrete, real and substantial, justiciable controversy exists between the parties herein of sufficient immediacy and reality to warrant the issuance of said declaratory judgement.

4.      Additionally, this action seeks actual damages, liquidated damages and punitive damages arising out of breach of contract and unjust enrichment by certain or all Defendants and against the Individual Defendants for intentionally inducing the Corporate Defendant into violating the employee contract between the Corporate Defendant and the Plaintiff and others similarly situated of wages rightfully earned working for the Corporate Defendant.

5.      Accordingly, Plaintiff and others similarly situated employees were employed by the Defendants but were not compensated in full.

## PARTIES

6.      Plaintiff HENRYK SZABELSKI is a citizen of New York with an address of 700 Washington Avenue, Apt. 9, Linden, New Jersey 07036. Plaintiff was employed by the Defendants from 2014 through April 2021.

7.      At all times relevant herein, the Corporate Defendant AM&G WATERPROOFING, LLC, was and is a domestic limited liability company formed in 1998 and

duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 2120 Atlantic Avenue, Brooklyn, New York 11233.

8.     The Individual Defendants were the employees of the Corporate Defendant and served in the following capacities:

a.  WILLIAM RIVERA all relevant times was and is the Chief Operating Officer of the Corporate Defendant and ultimately charged with payment of wages to Plaintiff and others similarly situated; and

b.  MIKE RIVERA at all relevant times was and is a member of the Corporate Defendant and ultimately charged with payment of wages to Plaintiff and others similarly situated.

9.     The Individual Defendants maintain an address c/o of AM&G WATERPROOFING, LLC, 2120 Atlantic Avenue, Brooklyn, New York 11233.

10.    In addition to the named Individual Defendants, the yet unnamed individual defendants John Does 1-10 are other yet unidentified supervisors and foremen who directly supervised Plaintiff and kept track of his hours, and those of others similarly situated.  Plaintiff intends to amend the Complaint herein to add the names of the supervisors and foremen.

11.    The Individual Defendants, including the yet unnamed "John Does 1-10", are members, supervisors, managers, officers and/or directors of the Corporate Defendant responsible for supervising, hiring and/or firing Plaintiff and others similarly situated and are each individually responsible for unpaid wages under federal law and the laws of New York State and otherwise.

12.    Individual Defendants are charged with payment of wages to Plaintiff and other similarly situated as a matter of law.

3

## JURISDICTION AND VENUE

13.     The Court has personal jurisdiction over Corporate Defendant in that Corporate Defendant is domiciled and incorporated in the State of New York, is authorized to do business in the State of New York, and regularly conducts business in the State of New York. Corporate Defendant maintains an office in Kings County, New York and conducts its activities from New York State and within this District.

14.     The Court has personal jurisdiction over the Individual Defendants in that they are residents of New York and regularly conduct business in New York, maintain an office in New York and conduct their activities from New York State and within this District.

15.     Defendants regularly transact a substantial amount of business and have substantial contacts in the State of New York.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 207 (FLSA), 31 U.S.C. § 3729 (False Claims Act and Fraud Enforcement Recovery Act ) and 28 U.S.C. § 1337 (Regulation of Commerce).

17.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to U.S.C § 1367 because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

18.     This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391(b) because substantial events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendants are domiciled and are residents of this District.

## JURY DEMAND

19.     Plaintiff and all others similarly situated demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

20.     Defendant AM&G WATERPROOFING, LLC, is a general contractor providing waterproofing services and construction services in the non-residential industry.

21.     The Corporate Defendants bid upon, obtained and performed, publicly financed projects, i.e., city, state and federal projects.

22.     Defendants performed contracts entered into between them and various governmental instrumentalities, which contracts were covered by relevant provisions of the NYLL, the New York State Department of Labor Prevailing Wage Schedule and various federal laws relating to "prevailing wages" to be paid to Defendants' employees.

23.     Defendants entered into a contract with Plaintiff to perform work for which Plaintiff provided labor, and such work was part of publicly financed projects covered by the provisions of New York Labor Law, the New York State Department of Labor Prevailing Wage Schedule and various federal laws and rules and regulations promulgated thereunder.

24.     When the Defendants entered into the aforesaid contracts to perform work for which Plaintiff and all others similarly situated provided labor, Defendants were required, under relevant law, to pay their employees, including Plaintiff, a "prevailing wage" that was specified in the subject contracts or incorporated by reference into said contracts.

25.     Plaintiff and others similarly situated were persons covered by, and/or intended to benefit from, the relevant provisions of NYLL and/or other federal laws, rules and regulations, with respect to their work on the public works projects for which they provided labor.

26.     The Corporate Defendant entered into a contract with Plaintiff to perform the work for which Plaintiff provided labor, and that such work was part of publicly financed projects covered by the provisions of NYLL, New York State Department of Labor Prevailing Wage Schedule and various federal laws.

27.     When the Corporate Defendant entered into the aforesaid contracts to perform the work for which Plaintiff provided labor, the Corporate Defendant was required, under relevant law, to pay its employees, including Plaintiff, a "prevailing wage" that was specified in such contract or incorporated by reference into such contract. In fact, certain of the contracts entered into by the Corporate Defendant was subject to New York State Department of Labor Prevailing Wage Schedule and Defendants engaged in activities which affect interstate commerce, in that Defendants employ workers who provide various services inside and outside of New York State and have engaged in interstate and/or international commerce.

28.     As such, Plaintiff and others similarly situated were persons covered by, and/or intended to benefit from, the relevant provisions of NYLL and federal law with respect to their work on the project worksites for which they provided labor.

A.  **HENRYK SZABELSKI**

29.     Plaintiff was employed by Corporate Defendant from 2014 through April, 2021, and at all times was paid $35.00 per hour straight time by check for his work as a construction worker and mason. As part of his job, he did masonry work, pointing and worked on scaffolds.

30.     Plaintiff, and others similarly situated, were entitled to a proper wage for the work done as construction workers as they were not all paid prevailing / union level wages.

31.     Plaintiff, and others similarly situated, worked forty (40) hours per week.

32.     In addition, Plaintiff was to receive prevailing (union) level wages for all or some of the worksite projects he worked on for Defendants. These projects which, upon information and belief, required prevailing (union) level wages, included a Mitchell Lama project.

33.     Plaintiff did not receive the proper union level wage on any of these prevailing wage state and federal Government projects.

6

34. Moreover, Defendants misclassified Plaintiff and others similarly situated thereby violating the Davis-Bacon Act.

35. In fact, Defendants never paid Plaintiff and all others similarly situated prevailing (union) level wages for any hours worked at any of the worksites.

36. Instead, Defendants paid Plaintiff only upwards of $35.00 per hour on public works projects, when Plaintiff should have been paid as per his proper classification at $80-$90 per hour.

37. On public works projects, Plaintiff was to be paid union-level prevailing wages.

38. The Individual Defendants supervised, managed, and/or were responsible for payment of wages to Plaintiff on all such public work projects, and Individual Defendants knew or should have known that Plaintiff was being paid only upward of $35.00 per hour straight time instead of prevailing union wages of at least $80-$90 per hour for straight time.

39. Upon information and belief, an employee's hourly rate at the correct classification for working at such public works projects would be more than $80-$90 per hour (excluding tax fringe benefits), and in addition to such a higher hourly rate, an employee working at such public works projects would be entitled to many employee benefits, none of which Plaintiff received.

40. Plaintiff was also employed as a construction worker by Defendants and was paid only $35 an hour instead of a prevailing union level wage as a mason ranging between $80-$90 per hour.

41. Plaintiff and others similarly situated are union members of the International Union of Bricklayers and Allied Craftworkers.

42. Plaintiff and others similarly situated worked on publicly funded projects, including Mitchell Lama projects.

43.     Other project includes various hotels, restaurants, residential buildings, rental buildings, condominiums, etc.

44.     For the effective period of this action, Plaintiff and all others similarly situated should have been paid the higher, prevailing wage rates pursuant to the New York State Prevailing Wage Guidelines.

45.     Moreover, Defendants also misclassified Plaintiff and others similarly situated thereby violating the Davis-Bacon Act wage determination made pursuant to the System Award Management ("SAM").

46.     Under SAM, Plaintiff and all others similarly situated should have been paid at a higher federal prevailing wage rate.

47.     Upon information and belief, Defendants recklessly disregarded the truth or falsity of payroll certifications of compliance with the Davis-Bacon Act.

48.     Plaintiff should have been paid higher prevailing/unions wages pursuant to the New York State Department of Labor Prevailing Wage Guideline because the work that he performed for the Corporate Defendants on public job sites consisted of, and was commensurate with, the duties classified under both federal and state laws, as well as rules and regulations promulgated thereunder.

49.     Plaintiff was entitled to receive at least $80-90 per hour while working on publicly funded projects, including Mitchell Lama projects, during the relevant time period that Plaintiff worked for the Corporate Defendant.

50.     Plaintiff and others similarly situated were entitled to receive prevailing wages at a rate equivalent to a proper classification under the New York State Department of Labor Prevailing Wage Schedule.

51.     This failure to pay wages at proper classifications was motivated by Defendants' intention to first gain a competitive bidding advantage against its competitors, and ultimately, to underpay Plaintiff and others similarly situated.

52.     In addition, Defendants failed to display legally required job site notices concerning state and labor laws in English and Plaintiff's native language, Polish.

53.     Plaintiff lived under constant fear of termination should he speak up to Defendants concerning non-payment of wages per proper prevailing/union wages and/or classification.

54.     Upon information and belief, Plaintiff knows of other employees employed by Defendants who were also never paid the proper prevailing wage, nor were they paid under the proper classification for the duties that they performed. Plaintiff believes that Corporate Defendant participated in, and orchestrated, a systematic scheme and course of conduct where it intentionally submitted falsified payroll certifications and misclassified workers to gain a bidding advantage to secure a contract with the State of New York and the federal Government and to intentionally underpay its employees.

55.     The Individual Defendants supervised, managed, and/or were responsible for payment of wages to Plaintiff on all such public work projects, and Individual Defendants knew or should have known that Plaintiff was being underpaid instead of being paid prevailing union wages for all hours worked in any given workweek.

56.     Upon information and belief, an employee's hourly rate on such public works projects would be more per hour than what was paid to Plaintiff and all others similarly situated, and in addition to such a higher hourly rate, an employee working at such public works projects would be entitled to many employee benefits, none of which Plaintiff received.

57.     In addition, Corporate Defendant is an employer subject to the FLSA, as Corporate Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce, in that Corporate Defendant employs workers who provide various services inside and outside of New York and has engaged in interstate and/or international commerce.

58.     Upon information and belief, Corporate Defendants employed at least two hundred (200) employees during Plaintiff's tenure working for Corporate Defendant.

59.     At all relevant times herein, Corporate Defendant operated as an integrated enterprise. Plaintiff and similarly situated employees work interchangeably among Corporate Defendant's construction projects, and Plaintiff and similarly situated employees were subject to the same pay practice.

**Defendants Failed to Comply with Mandated Wage Notices and Statements**

60.     Defendants failed to display legally required job site notices concerning state and federal labor laws.

61.     NYLL § 195(1) requires employers to provide employees with wage notices within ten business days of the start of employment.

62.     Section 195(1) mandates that "[e]very employer shall ... provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing" several categories of information, including "the regular pay day designated by the employer" and "the physical address of the employer's main office." NYLL § 195(1)(a).

63.     Defendants failed to provide Plaintiff and all others similarly situated in writing and in English as well as in the language identified by each employee as the primary language of

the employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1).

64.     At all times relevant to this case, Plaintiff and all others similarly situated did not receive a wage notice within 10 business days of his first day of employment nor did he receive wage statements in compliance with the NYLLL.

65.     Moreover, Defendants did not provide Plaintiff and all others similarly situated with wage statements that complied with NYLL § 195(3).

66.     Accordingly, Plaintiff and all others similarly situated are entitled to recover wage-notice statutory damages for each workday that the violations occurred.

**Defendants' Conduct Was And Is Willful And Ongoing**

67.     Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees the proper prevailing (union) wages, and to make, keep, and preserve proper payroll records.

68.     Defendants knowingly failed to pay Plaintiffs and others similarly situated all of the proper prevailing wages to which they were entitled, and, upon information and belief, to make, keep, and preserve payroll records and hours worked for each employee during the period covered by the claims alleged in this Complaint.

69.     Defendants willfully and intentionally created and operated an unlawful pay scheme.

70.     As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

71.     At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

72. Upon information and belief these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

**Facts Relating To The Defendants As Employers**

73. At all relevant times herein, Corporate Defendant was and is controlled by Individual Defendants.

74. At all relevant times herein, Individual Defendants acted for and on behalf of Corporate Defendant, with the power and authority vested in them as owners, supervisors, managers, officers and agents of Corporate Defendant, and acted in the course and scope of their duties and functions as agents and officers of Corporate Defendant.

75. At all relevant times herein, Individual Defendants directly managed, supervised, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and/or signing or issuing checks and/or payroll payments to Plaintiff -- or directing payroll through other agents -- and others similarly situated.

76. Individual Defendants had control over the conditions of employment of Plaintiff and others similarly situated, including hiring and firing, work schedules, the rates and methods of payments of wages, and the maintenance of employment records.

77. At all relevant times herein, Individual Defendants had operational control over Corporate Defendant.

78. Corporate Defendant and Individual Defendants are joint employers of Plaintiff and others similarly situated. Accordingly, all Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating To Piercing The Corporate Veil Of AM&G WATERPROOFING, LLC**

79. Upon information and belief, in conducting the affairs of Corporate Defendant, WILLIAM RIVERA, the Chief Operating Officer of Defendant AM&G WATERPROOFING,

LLC and, upon information and belief, the managing member and owner of Defendant AM&G WATERPROOFING, LLC, failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

80.     Upon information and belief, WILLIAM RIVERA used the assets of Corporate Defendant as his own, and otherwise commingled personal assets with the assets of Corporate Defendant.

81.     As alleged herein, WILLIAM RIVERA used Corporate Defendant in order to circumvent a statute or statutes or accomplish other wrongful acts and/or in furtherance of other wrongful or inequitable purposes.

82.     Upon information and belief, Corporate Defendant. was used to commit employment violations against Plaintiff and others similarly situated.

83.     Corporate Defendant is the alter-ego of WILLIAM RIVERA and as will be established at trial, for the purpose of the claims made by Plaintiff and others similarly situated herein, Corporate Defendant has no separate legal existence from WILLIAM RIVERA. As such, Corporate Defendant and WILLIAM RIVERA individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

84.     Plaintiff brings this action on behalf of himself and all others current and former employees of Corporate Defendant who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to his work for Defendants.

85.     Upon information and belief, this collective action consists of not less than two hundred (200) persons.

86.     There are questions of law and fact common to the class, specifically whether the employment of Plaintiff and others similarly situated by Corporate Defendant is subject to the

jurisdiction and the wage and overtime requirements of the FLSA and NYLL. Only the amount of individual damages sustained by each former or current employee will vary.

87.     Plaintiff and Defendants' other employees are similarly situated as Defendants instituted a policy to not pay Plaintiff and others proper overtime wages and regular wages under the FLSA and NYLL.

88.     Plaintiff brings the FLSA and NYLL claims for relief herein individually and on behalf of all others similarly situated as a collective action pursuant to the FLSA and NYLL and the common law, in respect to all claims that Plaintiff, and all others similarly situated, have against Defendants as a result of Defendants' violation of the labor laws as alleged herein.

## CLASS ACTION ALLEGATIONS

89.     Plaintiff brings this action on behalf of himself and all other current and former employees of Defendants who were mis-classified as described in the foregoing factual allegations and thereby did not receive the compensation required by the FLSA, the Davis-Bacon Act, the U.S. Department of Labor rules and regulations promulgated thereunder resulting in violations of the False Claims Act, the NYLL and New York common law with respect to the type of work and compensation received for their work from Defendants.

90.     Upon information and belief, this class of persons consists of not less than two hundred (200) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Rule 23(a)(1) of the Federal Rules of Civil Procedure ("FRCP").

91.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members, more specifically whether the employment of Plaintiff by Defendants and others similarly situated are subject to the jurisdiction, worker classification, and the wage and overtime requirements of the FLSA, the Davis-Bacon Act, the

U.S. Department of Labor rules and regulations promulgated thereunder, the False Claims Act, NYLL and New York common law. Only the amount of individual damages sustained by each class member will vary.

92.    The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

93.    Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

94.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Rule 23(b)(3) of the FRCP.

95.    Plaintiff brings the first, second, third and fifth claims for relief herein on behalf of himself individually and all others similarly situated as a class action pursuant to Rule 23 of the FRCP, in respect to all claims that Plaintiff, and all others similarly situated, have against the Defendants as a result of Defendants' violations of the FLSA, the Davis-Bacon Act, the U.S. Department of Labor rules and regulations promulgated thereunder, the False Claims Act, NYLL and New York Common Law.

### First Claim for Relief
### Breach of Contract

96.    Plaintiff repeats and re-alleges each and every previous allegation as if fully set forth herein.

97.    Plaintiff and others similarly situated entered into an oral contract with Defendants to supply work in furtherance of Defendants' business in exchange for wages.

98.     Plaintiff and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of his employment agreement with Defendants and was therefore entitled to the wages he earned while working for Defendants.

99.     Defendants failed or refused to pay Plaintiff and others similarly situated all of his wages to which he was entitled under his employment agreement.

100.    Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which he was entitled under his employment agreement constituted a breach of such employment agreement.

101.    By virtue of the foregoing breach of contract by Defendants, Plaintiff and others similarly situated has been damaged in an amount to be proven at trial based upon an accounting of the amount he should have been paid as contemplated by his employment agreement, less amounts he actually was paid, together with interests, costs, disbursements, and attorneys' fees.

<u>**Second Claim for Relief – Unpaid Wages**</u>
<u>**New York Minimum Wage Act NYLL § 650 et Seq.**</u>

102.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

103.    At all times relevant to this action, Plaintiff, and all others similarly situated, was employed by Defendants, within the meaning of the New York Labor Law ("NYLL"), §§ 2 and 651 and the regulation thereunder including 12 NYCRR § 142.

104.    Pursuant to the NYLL, Plaintiff, and all others similarly situated, was entitled to payment of wages which Defendants intentionally failed to pay in violation of such laws.

105.    Defendants failed to apprise Plaintiff, and all others similarly situated, of his rights under New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

106.    Defendants failed to establish, maintain, and preserve for not less than six years, certain payroll records for each employee, in contravention of the New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6.

107.    Pursuant to these labor law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1).

108.    Plaintiff, and all others similarly situated, is also entitled to recover liquidated damages and civil penalties for an amount equal to one hundred percent of the total such underpayments found to be due.

109.    Due to Defendants' New York Labor Law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

110.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively, for all other similarly situated employees.

### Third Claim for Relief – Unpaid Wages
### Fair Labor Standards Act – 29 U.S.C. 201 et Seq.

111.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

112.    Plaintiff, and all others similarly situated, for all times relevant to this Complaint, employed by Defendants.

113.    At all times relevant herein, Defendants were engaged in commerce and/or in professional services for commerce and/or Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA, including 29 U.S.C. § 207(a).

114.     At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and all others similarly situated wages due in violation of 29 U.S.C. § 207.

115.     At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all others similarly situated, proper wages, including overtime wages.

116.     At all times relevant to this Complaint, Defendants had a policy of willfully failing to make proper wage payments.

117.     As a result of Defendants' failure to compensate Plaintiff, and all others similarly situated, Defendants have violated and continue to violate FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a), as well as 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 255(a).

118.     Defendants conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

119.     As result of the Defendants' failure to properly credit, record, report and/or compensate Plaintiff, and all others similarly situated, and violated other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

120.     Defendants have failed to properly disclose or apprise Plaintiff, and all others similarly situated, of his rights under the FLSA.

121.     As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff, and all others similarly situated, is entitled to liquidated damages pursuant to the FLSA.

122.     Plaintiff, and all others similarly situated, is entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

123.    Plaintiff, and all others similarly situated, seeks a judgment for unpaid wages, as well as an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

124.    Due to Defendants' FLSA violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

125.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively, for all other similarly situated employees.

### Fourth Claim for Relief
### Quantum Meruit

126.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

127.    Plaintiff, and all others similarly situated, performed work and services for Defendants.

128.    Plaintiff, and all others similarly situated, had a reasonable expectation of payment for the hours worked for the Defendants.

129.    Defendants failed to remunerate Plaintiff for all of hours worked.

130.    Plaintiff, and all others similarly situated, is entitled to be paid for a reasonable value for services rendered, less the amounts paid to them, together with an award of interest, costs, disbursements and attorneys' fees.

131.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively, for all other similarly situated employees.

## Fifth Claim for Relief
## False Claims Act

132.     Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

133.     The Davis-Bacon Act (the "Davis-Bacon Act") is a minimum wage law designed for the benefit of construction workers. The Davis-Bacon Act requires contractors on federally funded construction projects to pay employees minimum wages based on the determination of prevailing wages "for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the civil subdivision of the State in which the work is to be performed." 40 U.S.C. § 3142(b).

134.     Per United States Department of Labor ("DOL") regulations, 29 C.F.R. pts. 1, 5, 7, prevailing wage determinations are promulgated at the county level and based on collective bargaining agreements pursuant to 29 C.F.R. § 1.7(a), 40 U.S.C. § 3142(b) and 29 C.F.R. § 1.3(b).

135.     Defendants are subject to the Davis-Bacon Act and all rules and regulations promulgated thereunder for certain and/or all project worksites wherein Plaintiff and others similarly situated worked.

136.     Accordingly, Defendants were subject to the collective bargaining agreement(s) governed by the Davis-Bacon Act and its provisions and all rules and regulations promulgated thereunder for payment of wages to, and the worker classification of, Plaintiff and all others similarly situated.

137.     Pursuant to 31 U.S.C. 3729(a)(2), the FCA imposes civil liability for making a false or fraudulent claim defined as a false record or statement material to such a claim, to obtain payment from the federal Government.

138.     Pursuant to 31 U.S.C. § 3729(a)(1)(A)–(G), (b)(2), both the United States Justice Department and private parties (called "relators") such as Plaintiff herein may bring an FCA action.

139.     Based on the foregoing actions of Defendants as alleged herein, Defendants submitted fraudulent and/or false certified payroll records and Certificates of Compliance with the intention that the false documents be material to the Government's decision to pay and/or approve Defendants' (false) claims for payment.

140.     Moreover, Defendants failed to comply with the obligations imposed by the Davis-Bacon Act and thereby violated the FCA by failing to pay Plaintiff and all others similarly situated the required wages per the correct worker classification of each of Defendants' employees under the collective bargaining agreement(s) in place for each project worksite, all in violation of the Davis-Bacon Act, DOL regulations promulgated thereunder, and the NYLL.

141.     Defendants' failure to comply as alleged herein compromises a violation of the FCA and any amendments thereto including the Fraud Enforcement Recovery Act of 2009, amended and recodified as 31 U.S.C. 3729 et seq.

142.     Accordingly, Defendants' conduct in violation of the FCA, subject Defendants to civil penalties on a per-violation basis plus three times actual damages pursuant to 31 U.S.C. § 3729(a)(1), as well as authorizes Plaintiff and all others similarly situated to recover attorneys' fees and costs of this action pursuant to 31 U.S.C. § 3730(d)(1)–(2).

### Sixth Claim for Relief
### Declaratory Judgment

143.     Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

144.    Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

145.    Plaintiff demands a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142, Article 6 of the NYLL § 190 et seq., and the FCA and any amendments thereto, including the Fraud Enforcement Recovery Act of 2009, amended and recodified as 31 U.S.C. 3729 et seq.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(1)    As to the First Claim for Relief, award Plaintiff damages arising out of the breach of contract;

(2)    As to the Second Claim for relief, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

(3)    As to the Second Claim for Relief, award Plaintiff any and all outstanding (additional) wages, plus prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(4)    As to the Second Claim for Relief, award Plaintiff damages arising out of violation of NYLL;

(5)     As to the Third Claim for Relief, award Plaintiff his unpaid wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(6)     As to the Fourth Claim for Relief, award Plaintiff the quantum meruit value of his labor;

(7)     As to the Fifth Claim for Relief, award Plaintiff and all others collectively and similarly situated, damages for violations of the FLSA, the Davis-Bacon Act, the U.S. Department of Labor rules and regulations promulgated thereunder and the False Claims Act;

(8)     As to the Sixth Claim for Relief, a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142, Article 6 of the NYLL § 190 et seq., the FCA and any amendments thereto, including the Fraud Enforcement Recovery Act of 2009, amended and recodified as 31 U.S.C. 3729 et seq.;

(9)     Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(10)    If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(11)   Award prejudgment interest pursuant to New York Civil Practice Law and Rules §§ 5001-02;

(12)   Award post judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules (CPLR) § 5003;

(13)   Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1)-(2) and 663(1) and the FCA and any amendments thereto, including the Fraud Enforcement Recovery Act of 2009, amended and recodified as 31 U.S.C. 3729 et seq.;

(14)   Award Plaintiff an injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL; and

(15)   Award Plaintiff other, further and different relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: September 28, 2022

Respectfully submitted,

**MARZEC LAW FIRM, P.C.**

By:   */s/ Darius A. Marzec*
Darius A. Marzec, Esq.
Attorneys for Plaintiff
*HENRYK SZABELSKI* and
*COLLECTIVELY AND ON BEHALF OF*
*A CLASS OF ALL OTHER FORMER*
*AND CURRENT EMPLOYEES*
776A Manhattan Avenue, Suite 104
Brooklyn, New York 11222
(718) 609-0303
dmarzec@marzeclaw.com

## VERIFICATION

STATE OF NEW YORK )
                               )ss.:
COUNTY OF KINGS )

       I, HENRYK SZABELSKI, am a Plaintiff in the within action.  I have read the foregoing Complaint and know the contents thereof.  The contents are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

                                                        HENRYK SZABELSKI

Subscribed and sworn to before me on
September 28th, 2022

                    Notary Public

CAROLYN PAWLIK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02PA6419527
Qualified in New York County
Commission Expires July 12, 2025