UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

HENRYK SZABELSKI,

                Plaintiff,

    v.

AM&G WATERPROOFING, LLC, MIKE RIVERA, WILLIAM RIVERA, and JOHN DOES 1–10,

                Defendants.

**MEMORANDUM & ORDER**
22-CV-6590 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff Henryk Szabelski commenced the above-captioned action on October 28, 2022, against Defendants AM&G Waterproofing, LLC ("AM&G"), Mike Rivera, William Rivera, and John Does 1–10. (Compl., Docket Entry No. 1.) On February 9, 2023, Plaintiff filed an Amended Complaint alleging, individually and on behalf of a putative class, that Defendants violated the prevailing wage payment provision of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the prevailing wages, notice and record-keeping, and wage statement provisions of the New York Labor Law §§ 190 *et seq.* and 650 *et seq*. ("NYLL").[1] (Am. Compl., Docket Entry No. 15.) Plaintiff also alleges breach of contract and third-party beneficiary claims. (*Id.*)

---

[1] Plaintiff also alleged that Defendants violated the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(2). Defendants moved to dismiss the FCA claim, and on March 20, 2024, Plaintiff voluntarily dismissed his FCA claim, and the government consented to the dismissal. (Notice of Voluntary Dismissal, Docket Entry No. 30; Gov't Notice of Consent to Voluntary Dismissal, Docket Entry No. 31.)

Defendants move to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff opposes the motion.[2]  For the reasons set forth below, the Court grants Defendants' motion.

## I. Background

AM&G is a general contractor providing waterproofing and construction services in the non-residential industry and performing city, state, and federally-financed projects.[3]  (Am. Compl. ¶¶ 19–20.)  Defendants William Rivera and Mike Rivera, Chief Operating Officer ("COO") and member of AM&G, respectively, were in charge of paying wages to Plaintiff and others similarly situated.  (*Id.* ¶ 7.)  John Does 1–10 are unidentified supervisors and foremen who directly supervised Plaintiff and kept track of his hours and those of others similarly situated.  (*Id.* ¶ 9.)

Plaintiff was employed by Defendants from 2014 through April of 2021, during which time he performed masonry work, pointing, and scaffolding work for "publicly financed projects."  (*Id.* ¶¶ 5, 22, 28.)  Plaintiff worked forty hours per week and was paid $35 per hour. (*Id.* ¶¶ 27, 31.)  Plaintiff is a member of the International Union of Bricklayers and Allied Craftworkers, whose prevailing union level wage for masonry ranges from $80–$90 per hour. (*Id.* ¶¶ 29–30.)  Plaintiff alleges that he was supposed to receive prevailing union level wages as well as other employee benefits for all or some of the projects he worked on, including "a

---

[2]  (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 22; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 27; Pl.'s Mem. in Opp'n to Defs.' Mem. ("Pl.'s Opp'n"), Docket Entry No. 25; Defs.' Reply Mem. in Supp. of Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 23.)

[3]  The Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order.

2

Mitchell Lama project," but never received them for any of the prevailing wage state and federal government projects he worked on while employed by Defendants. (*Id.* ¶¶ 32–33, 36–37.)

Plaintiff alleges that Defendants failed to pay prevailing wages at the proper classification because they sought to both gain a competitive bidding advantage for state and federally-funded projects and to underpay Plaintiff and other similarly situated individuals. (*Id.* ¶¶ 40, 43.) Plaintiff also alleges that Defendants failed to display job site notices concerning state and federal labor laws in English and Plaintiff's native language of Polish, and failed to provide NYLL-required wage notices or statements. (*Id.* ¶¶ 41, 50–55.)

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (per curiam) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). "'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted) (first quoting *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006); and then quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)), *aff'd*, 561 U.S. 247 (2010). Ultimately, "the

3

party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113); *see also Suarez v. Mosaic Sales Sols. US Operating Co.*, 720 F. App'x 52, 53 (2d Cir. 2018) ("[T]he party asserting subject matter jurisdiction must demonstrate its existence by a preponderance of the evidence.") (citing *Morrison*, 547 F.3d at 170); *Clayton v. United States*, No. 18-CV-5867, 2020 WL 1545542, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting *Tandon*, 752 F.3d at 243); *Fed. Deposit Ins. Corp. v. Bank of N.Y. Mellon*, 369 F. Supp. 3d 547, 552 (S.D.N.Y. 2019) (quoting *Tandon*, 752 F.3d at 243).

    ii.   **Rule 12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must construe [the Complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)); *see also Vaughn v. Phx. House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (same). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (quoting *Iqbal*, 556 U.S. at 678).

4

b. **Plaintiff's FLSA claim**

Defendants argue that Plaintiff fails to state a claim for violations of the FLSA because the FLSA does not provide recourse for a failure to pay prevailing wage rates. (Defs.' Mem. 12–14.) In support, Defendants argue that "Plaintiff alleges that he was paid at a rate of at least $35 per hour, which is significantly more than the federal minimum wage," and that he worked forty hours per week, which does not qualify him for overtime compensation. (*Id.* at 13.)

Plaintiff argues that he states a claim under the FLSA because he was not paid the correct wages due to him, nor did he receive employee benefits to which he was entitled, during his work on city and state projects. (Pl.'s Opp'n 6.) Plaintiff argues that his work for Defendants was covered by the FLSA because (1) Defendants were required to pay Plaintiff a "prevailing wage" specified in the subject contracts, and (2) Plaintiff provided labor for federal public works projects, which makes them subject to the relevant provisions of the FLSA.[4] (*Id.* at 8.)

The FLSA contains a provision prohibiting employers from paying their employees a rate lower than a certain minimum hourly wage. 29 U.S.C. § 206(b). The minimum wage under the FLSA is $7.25 an hour. 29 U.S.C. § 206(a)(1)(C); *see, e.g.*, *Paschalidis v. Airline Rest. Corp.*, No. 20-CV-2804, 2021 WL 5013734, at *4 (E.D.N.Y. Oct. 28, 2021) (applying the $7.25 federal minimum wage to the plaintiff's employment during early 2020). The FLSA, however, "does not address liability for underpayment of hours at prevailing wage rates." *Grochowski v. Phx. Constr.*, 318 F.3d 80, 87 (2d Cir. 2003) ("In contrast [to the Davis-Bacon Act], the FLSA requires employers to pay each employee a guaranteed minimum wage, and it does not address liability for underpayment of hours at prevailing wage rates."); *Cortese v. Skanska USA Inc.*, No.

---

[4] Plaintiff also argues that he has properly alleged Defendants' status as FLSA employers under the "economic realities" test. (*Id.* at 12–16.) Defendants do not contest this. (*See* Defs.' Reply 11.)

5

19-CV-11189, 2020 WL 2748438, at *4 n.6 (S.D.N.Y. May 26, 2020) ("It is clearly established that [the] FLSA provides no cause of action for non-overtime wages above the federal minimum wage." (first citing 29 U.S.C. § 206(a)(1); and then citing *Grochowski*, 318 F.3d at 87)); *Brown v. Tomcat Elec. Sec., Inc.*, No. 03-CV-5175, 2010 WL 11603139, at *1 n.1 (E.D.N.Y. May 14, 2010) ("The [FLSA] . . . does not provide for the judicial vindication of any statutory right to be paid a prevailing wage." (citing *Grochowski*, 318 F.3d at 87)); *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 360 (E.D.N.Y. 2007) ("*Grochowski* precludes consideration of federal prevailing wage standards in determining plaintiffs' rights under the FLSA.").

  Plaintiff fails to state an FLSA minimum wage claim. Plaintiff appears to base his FLSA minimum wage claim on his allegation that Defendants failed to pay him and other putative class members prevailing wage payments. (*See, e.g.*, Am. Compl. ¶ 107 ("Defendants failed and willfully failed to pay Plaintiff and all others similarly situated prevailing wages[.]"); Pl.'s Opp'n 8 ("Defendants were required . . . to pay their employees, including Plaintiff, a 'prevailing wage[.]'").) The FLSA, however, "does not address liability for underpayment of hours at prevailing wage rates." *Grochowski*, 318 F.3d at 87; *see also, e.g.*, *Cortese*, 2020 WL 2748438, at *4 n.6; *cf. Lubas v. JLS Grp., Inc.*, No. 18-CV-6611, 2020 WL 4210754, at *8–9 (E.D.N.Y. July 22, 2020) (denying plaintiffs' motion to certify plaintiffs' prevailing wage claims where they asserted an FLSA claim based on "a failure to pay prevailing (or union) wages" because "[w]hen plaintiffs who seek to recover unpaid wages were paid salaries at a rate higher than the minimum wage in effect at the time of their employment, the FLSA is not applicable" (citation omitted)). Thus, Plaintiff cannot predicate an FLSA minimum wage claim on Defendants' alleged failure to pay him prevailing wages.

  Plaintiff also does not allege that Defendants violated the minimum wage requirement under the FLSA because he alleges that he was paid at an hourly rate significantly higher than

6

the federal minimum wage during the relevant time period. The minimum wage required under the FLSA at all relevant times was $7.25 per hour. 29 U.S.C. § 206(a)(1)(C) (setting the federal minimum wage at $7.25 as of July 24, 2009); *see also, e.g.*, *Fernandez v. Zoni Language Ctrs., Inc.*, 858 F.3d 45, 51 (2d Cir. 2017) (noting that 29 U.S.C. § 206(a)(1)(C) mandated a federal minimum wage of $7.25 as of July 2009); *Cao v. Flushing Paris Wedding LLC*, No. 20-CV-2336, 2024 WL 1011162, at *17 (E.D.N.Y. Mar. 9, 2024) (At all times [from 2013 to 2020], the federal minimum wage was $7.25 per hour." (citing 29 U.S.C. § 206(a)(1)(C))); *Saavedra v. Dom Music Box Inc.*, No. 21-CV-6051, 2024 WL 208303, at *12–13 (E.D.N.Y. Jan. 19, 2024) (applying the $7.25 per hour federal minimum wage to the plaintiff's employment from 2015 through 2019 and 2021), *report and recommendation adopted by* No. 21-CV-6051 (E.D.N.Y. Mar. 13, 2024). Plaintiff alleges that he was paid $35 dollars per hour, and therefore has not alleged an FLSA minimum wage claim.[5]

Accordingly, the Court dismisses Plaintiff's FLSA claim.[6]

---

[5] To the extent Plaintiff alleges that Defendants violated section 211(c) of the FLSA by failing "to properly credit, record, report and/or compensate Plaintiff" and "to properly disclose or apprise Plaintiff of his rights under the FLSA," (Am. Compl. ¶¶ 111–112; Pl.'s Opp'n 10), this does not save his FLSA claim from dismissal, as section 211(c) does not provide for a private right of action to enforce its recordkeeping requirements. *See* 29 U.S.C. § 211(c); *Bi v. Xia*, No. 18-CV-23, 2023 WL 4684828, at *7 (D. Conn. July 21, 2023) ("[T]here is no private right of action to enforce 29 U.S.C. § 211(c)." (first quoting *Pau v. Chen*, No. 14-CV-841, 2015 WL 6386508, at *6 (D. Conn. Oct. 21, 2015); and then citing *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002))).

[6] The Court also dismisses Plaintiff's breach of contract and third-party beneficiary state law claims to the extent they seek to assert claims for federal rather than state prevailing wages. Although Plaintiff may seek to assert claims for state prevailing wages through state law claims, he is prohibited from seeking to enforce federal prevailing wages in this manner. *See, e.g.*, *Cortese*, 2023 WL 8368858, at *2 n.4 ("[A] plaintiff may not use a claim for state-law breach of contract, as third-party beneficiary, to circumvent the prohibition against privately enforcing the prevailing wage schedules contained in the Davis-Bacon Act." (first citing *Grochowski*, 318 F.3d at 84–87; and then citing *Carrion v. Agfa Constr., Inc.*, 720 F.3d 382, 386 (2d Cir. 2013))).

### c. Plaintiff's NYLL claims and other state law claims

Defendants argue that the Court should dismiss Plaintiff's state law breach of contract, third-party beneficiary, and NYLL claims because in the event the Court dismisses Plaintiff's federal claims, it should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (Defs.' Mem. 14–16). Defendants also argue that in the event the Court does exercise supplemental jurisdiction over Plaintiff's state law claims, then Plaintiff's claim for violations of NYLL § 650 should be dismissed for failure to state a claim because Plaintiff is not alleging any minimum wage violations, and therefore must pursue any alleged prevailing wage claims under NYLL § 220 rather than NYLL § 650. (*Id.* at 16–17.)

Plaintiff argues that because his federal claims are cognizable, the Court should exercise supplemental jurisdiction over Plaintiff's breach of contract claim. (Pl.'s Mem. 21–22.) Plaintiff also argues that he has properly pleaded breach of contract, third-party beneficiary, and NYLL claims. (*Id.* at 9–10, 22–23.)

Because the Court dismisses Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over the remaining breach of contract and third-party beneficiary state law claims, as well as Plaintiff's state law claims for violations of NYLL. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)); *see also Chinniah v. Fed. Energy Regul.*

8

*Comm'n*, 62 F.4th 700, 703 (2d Cir. 2023) (same); *One Commc'ns Corp. v. JP Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir. 2010) ("If all of a plaintiff's federal claims are dismissed, a district court is well within its discretion to decline to assert supplemental jurisdiction over any state law claims[.]"). Accordingly, the Court dismisses Plaintiff's state law claims without prejudice.

### III. Conclusion

For the reasons stated above, the Court grants Defendants' motion. The Court dismisses Plaintiff's FLSA minimum wage claim for failure to state a claim with prejudice. *See, e.g.*, *Lundy v. Cath. Health Sys. of Long Island*, 711 F.3d 106, 111 (2d Cir. 2013) (affirming the district court's dismissal with prejudice of FLSA claim for gap-time pay where the FLSA did not permit gap-time claims for the circumstances presented). The Court declines to exercise supplemental jurisdiction and dismisses Plaintiff's state breach of contract, third-party beneficiary, and NYLL minimum wage, wage notice, and wage statement claims without prejudice. The Clerk of Court is directed to close this case.

Dated: March 25, 2024
      Brooklyn, New York

SO ORDERED:

            s/ MKB
MARGO K. BRODIE
United States District Judge